FILED
2017 Sep-01  AM 08:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN MITCHELL, JR., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, | ) | <u>JURY TRIAL DEMANDED</u> |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

Plaintiff Steven Mitchell, Jr. ("Plaintiff"), and with knowledge as to his own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendant Equifax Information Services, LLC.

2.     Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal

and financial information concerning consumers compiled and sold to users by consumer reporting agencies ("CRAs").

3.     On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4.     The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5.     Toward this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as "credit reports").

---

[1]   http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html as of August 31, 2017.

[2]   Pub. L. No. 108-159 (2003)  http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf as of August 31, 2017.

6.     FACTA also imposes additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

## JURISDICTION & VENUE

7.     This Court has jurisdiction of this action for violations of the Fair Credit Reporting Act pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8.     Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

9.     Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

## FACTUAL ALLEGATIONS

10.    Plaintiff is a victim of identity theft.

11.    An impostor used Plaintiff's personal identifying information to apply for and open accounts without Plaintiff's authorization or consent.

12.    The imposter opened fraudulent accounts with creditors, including Verizon Wireless and possibly others.

13.    Plaintiff reported the fraud to the Northport Police Department.

14.    The Brent Police Department police department categorized the type of incident or offense as "Identity Theft."

15.    Defendant has been reporting false, derogatory and inaccurate

3

information relating to Plaintiff and Plaintiff's credit history, personal identifying information and inquiries (hereinafter the "false information").

16.     The false information includes hard inquiries and personal identifying information that do not belong to Plaintiff.

17.     The information is false because Plaintiff did not apply for or attempt to open credit accounts with these companies.

18.     Defendant provided false information to a third parties in a credit report pertaining to Plaintiff.

19.     The false information negatively impacts Plaintiff's credit score and misrepresents his credit history.

20.     On August 31, 2016, in *Steed v. Equifax*, Case No. 1:14-cv-00437-SCJ (N.D. Ga), the court acknowledged that the FCRA requires consumer reporting agencies to "reasonably 'reinvestigate' disputed items of information in consumer report." (Doc. 100, p. 6).   The *Steed* court held credit inquiries are items of information.   *Id*. at 7.   The *Steed* court also held inquiries are subject to the requirements of 15 U.S.C. § 1681i.

21.     After the *Steed* opinion, Equifax was on notice that disputed inquiries must be deleted or reinvestigated.

22.     Prior to this lawsuit, Defendant was aware of the holding in *Steed*.

23.     Equifax prepared and issued credit reports concerning Plaintiff that

included the false information.   Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting.   Equifax continued to report inaccurate information.   On at least one occasion, Equifax failed to reinvestigate information disputed by Plaintiff or provide Plaintiff with the results of its reinvestigation, or both.   Plaintiff asked Equifax to provide him with the steps it undertook while reinvestigating the disputed information.   On at least one occasion, Equifax failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.  Plaintiff requested his credit report from Equifax as a victim of fraud. On at least two occasions, Equifax failed to provide Plaintiff with his consumer disclosure due to fraud.  Plaintiff provided Equifax with a copy of an identity theft report.   Plaintiff requested Equifax to provide him with his free report due to fraud.  On at least one occasion, Equifax failed to provide him with a copy of his report after receipt of an identity theft report.

24.    As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages, including economic loss, out of pocket expenses, damage to reputation, reduction in credit score, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

## FIRST CLAIM FOR RELIEF
(against Equifax)
(Negligent Noncompliance with FCRA)

25.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

26.     Equifax negligently failed to comply with the requirements of the FCRA.

27.     As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as outlined above, and for which Plaintiff seeks damages in an amount to be determined by the jury.

28.     Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF
(against Equifax)
(Willful Noncompliance with FCRA)

29.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

30.     Equifax willfully failed to comply with the requirements of the FCRA.

31.     As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff suffered actual damages as outlined above, and for which Plaintiff seeks damages in an amount to be determined by the jury.

32.     Plaintiff also seeks statutory and punitive damages in an amount to be

determined by the jury.

33.     Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 1681n(a).

PRAYER

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorney's fees;

3.      Costs and expenses incurred in the action;

On the Second Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorney's fees; and

4.      Costs and expenses incurred in the action.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins (ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
2 Perimeter Park South, Suite 405 E
Birmingham, Alabama 35243
Telephone:   (205) 206-6718
Facsimile:   (205) 208-9632
Email:          MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*